UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA A., an Individual, | Case No.: 5:18-02061 ADS |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

### I. **INTRODUCTION**

Plaintiff Blanca A.[1] ("Plaintiff") challenges the Defendant Andrew M. Saul[2], Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Complaint, and thus the docket caption, do not name the Commissioner. The parties list Nancy A. Berryhill as the Acting Commissioner in the Joint Submission. On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

-1-

of her applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of her treating physician. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on November 13, 2014 and January 9, 2015 respectively, alleging disability beginning June 21, 2013. (Administrative Record "AR" 233-43). Plaintiff's claims were denied initially on March 13, 2015 (AR 141-42), and upon reconsideration on August 6, 2015 (AR 173-74). A hearing was held before ALJ Andrew Verne on June 22, 2017. (AR 78-114). Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert, Corinne J. Porter. (Id.)

On October 2, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] (AR 53-77). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on July 31, 2018. (AR 1-8). Plaintiff then filed this action in District Court on September 25, 2018, challenging the ALJ's decision. [Docket ("Dkt.") No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On February 11, 2019, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 17, 18]. The parties filed a Joint Submission on May 10, 2019. [Dkt. No. 21]. The case is ready for decision.[4]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 59-72), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. §§ 404.1520(a) and 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since June 21, 2013, the alleged onset date. (AR 61). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) fibromyalgia, (b) degenerative disc disease of the cervical spine with radiculopathy; (c) degenerative disc disease of the lumbar spine; (d) history of left shoulder adhesive capsulitis status post arthroscopic surgery with residual osteoarthritis; (e) depression; and (f) anxiety. (AR 62). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404,

---

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 10, 11].

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (AR 63).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)[7], further restricted by the following limitations:

> lift and or carry 25 pounds frequently and 50 pounds occasionally while also being able to perform occasional pushing and/or pulling within these weight restrictions. She is able to sit, stand and/or walk for six hours out of an eight-hour workday. She is limited to occasional overhead reaching with the bilateral upper extremities as well as occasional climbing of ladders, ropes and scaffolds. Due to pain, she is limited to simple, routine tasks and would be off task up to 10% during the workday.

(AR 65).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff could not perform her past relevant work as a commercial cleaner and institutional cook. (AR 70). At **step five**, considering Plaintiff's age, education, work experience, RFC and the vocational expert's testimony, the ALJ found that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" such as marking clerk and routing clerk. (AR 71). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 21, 2013, through the date of the decision, October 2, 2017. (AR 72).

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[7] "Medium work" is defined as:
> lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c); see also James T. v. Saul, 2019 WL 3017755, at *1 (C.D. Cal. July 10, 2019).

## III. ANALYSIS

### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ properly considered the treating physician's opinion? [Dkt. No. 21 (Joint Submission), at p. 4]. Specifically, Plaintiff contends that the ALJ failed to provide "any specific and legitimate reasons for rejecting [her treating physician's] medical opinion regarding the limitations attributable to Plaintiff's severe physical impairments." [Id.]

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and

internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

**C. The ALJ Properly Evaluated The Medical Evidence**

Plaintiff contends that the ALJ erred in rejecting the limitations attributable to her severe physical impairments assessed by her treating physician, Tobias Moeller-Bertram, M.D. Defendant argues that the ALJ properly rejected the opinion of the treating physician.

1. Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. § 404.1527(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871

F.3d 664, 675 (9th Cir. 2017) (quoting <u>Bayliss</u>, 427 F.3d at 1216). In <u>Trevizo</u>, the Ninth Circuit addressed the factors to be considered in assessing a treating physician's opinion.

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. <u>Id.</u> § 404.1527(c)(2)-(6).

871 F.3d at 675.

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing <u>Robbins</u>, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); <u>see also</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

As noted above, an RFC is what a claimant can still do despite existing exertional and nonexertional limitations. <u>See</u> 20 C.F.R. §§ 404.1545(a)(1). Only the ALJ is responsible for assessing a claimant's RFC. <u>See</u> 20 C.F.R. § 404.1546(c). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual

functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).

 2. **The ALJ Gave Specific and Legitimate Reasons, Supported by Substantial Evidence**

The ALJ complied with Magallanes and provided specific and legitimate reasons for rejecting the limitations assessed by Plaintiff's treating physician, Dr. Moeller-Bertram that are supported by the entire record.

The ALJ first discussed the historical treatment and findings of Dr. Moeller-Bertram as follows:

> The claimant sought treatment with a pain management specialist, [Dr. Moeller-Bertram] twice in 2016 with her first visit in January 2016 and the second in February 2016. Again, her physical findings were unremarkable except for slightly decreased motor strength of her upper and lower extremities along with a decreased range of motion of her neck and back. She was prescribed medication and she was sent for MRIs of her neck and back. [citing AR 543-47]. In February 2016, she reported that medication was managing her pain and she did not return for treatment. [citing AR 548-50]. It does not appear that she followed through with getting updated MRIs in 2016.

(AR 67).

Later in the decision, the ALJ noted that Plaintiff had provided a checklist medical source statement from Daniela Shellenberg, a movement therapist and signed by Dr. Moeller-Bertram, Plaintiff's pain management specialist dated October 27, 2016:

> In this statement the claimant was limited to lifting/carrying no more than ten pounds as well as being limited to standing/walking less than two hours out of an eight-hour workday and sitting for two hours out of an eight-hour workday with the need to shift positions at will and walk around every ten minutes for ten minutes. It was reported that she would need to lie down at unpredictable intervals during the work day, required the use of a cane sometimes, needed to elevate her legs and would be absent more than three times per month. Again, as stated above checklist opinions are weak when not supported by clinical

>           findings. Here [Dr. Moeller-Bertram] only treated the claimant twice
>           with his treatment notes showing unremarkable findings while there is
>           no record that Ms. Shellenberg ever treated the claimant. Further, this
>           opinion in inconsistent with the record showing management of her pain
>           with medication and mild findings per x-rays and improvement of her
>           left shoulder with surgery.

(AR 69).[8]

The ALJ gave little weight to the October 2016 medical source statement as he rejected the limitations set forth in the statement. (AR 69). Instead, the ALJ determined to give weight to the opinions of Vincente R. Bernabe, D.O., as well as two non-examining State agency medical consultants, all of whom assessed Plaintiff capable of medium exertional activity.[9] (AR 68). As Dr. Moeller-Bertram's opinion was thus contradicted by another doctor's opinion, the ALJ may have only rejected it "by providing specific and legitimate reasons that are supported by substantial evidence." See Trevizo, 871 F.3d at 675. The ALJ did so here.

---

[8] Earlier in the decision, the ALJ stated:"[i]t is generally understood that 'checklist opinions are weak evidence at best' and 'rejection of a treating physician's opinion is appropriate when the conclusions are in the form of a checklist, and the treating notes do not provide 'objective medical evidence of the limitations asserted.' (See SSR 96-2p)." (AR 69). In support the ALJ cited: Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), quoted with approval, Deja v. Commissioner, 61 Fed. Appx. 778 (3d Cir. 2003); accord Negrete v. Barnhart, 186 Fed. Appx. 734 (9th Cir. 2006); Batson v. Commissioner, 359 F.3d 1190, 1195 n. 3 (10th Cir. 2004) (opinions of treating physicians may be rejected when treating notes do not provide "objective medical evidence of the limitations asserted"), Baker v. Barnhart, 84 Fed. Appx. 10 (10th Cir. 2003) ("checkmark style evaluation forms, standing alone, unaccompanied by written reports or persuasive testimony, are not substantial evidence"), and Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987). (AR 69, n.1).

[9] As set forth above, in finding Plaintiff capable of medium work, the ALJ also assessed that Plaintiff was: "limited to occasional overhead reaching with the bilateral upper extremities as well as occasional climbing of ladders, ropes and scaffolds. Due to pain, she is limited to simple, routine tasks and would be off task up to 10% during the workday." (AR 65).

The ALJ discussed all of Dr. Moeller-Bertram's medical records in evidence and concluded that the doctor's own treatment notes are inconsistent with the extreme limitations set forth in the medical source statement. This alone is a sufficient reason for the ALJ to have properly rejected the opinion. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]"); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (discrepancy between physician's notes and other recorded observations and opinions regarding claimant's capabilities "clear and convincing reason" for rejecting physician's opinion).

Furthermore, the ALJ also rejected the opinion of Dr. Moeller-Bertram in concluding that the limitations assessed therein conflicted with his review of Plaintiff's medical records in evidence, specifically "management of her pain with medication and mild findings per x-rays and improvement of her left shoulder with surgery."[10] (AR 69) The ALJ concluded that the medical records did not support the treating doctor's opinion. This is a proper basis to reject the opinion. See Batson v. Comm'r of Social Security, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly gave minimal weight to treating physician opinions that were based on the claimant's subjective complaints, were unsupported by the objective evidence, contradicted by other statements and assessments, and were in the form of a checklist).

Plaintiff raises a number of arguments as to why the ALJ's finding is in error, none of which holds any weight. First, Plaintiff takes issue with the ALJ's criticism of

---

[10] The ALJ did a detailed and thorough review of Plaintiff's medical records of these and other issues, with citations to specific evidence, earlier in his decision. (AR 62-67)

the checklist opinion. However, as correctly noted by the ALJ, a checklist opinion is weak evidence at best when not supported by medical evidence. See Batson, 359 F.3d at 1195. Here, Plaintiff argues that the medical evidence does support the limitations assessed by Dr. Moeller-Bertram. Plaintiff, however, would simply like any conflicts or ambiguity in the medical records to be weighed in her favor. But it is the ALJ who is the "final arbiter with respect to resolving ambiguities in the medical evidence." See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.")

Second, Plaintiff takes issue with the ALJ noting that Dr. Moeller-Bertram only treated Plaintiff twice. As stated above, however, when a treating physician's opinion is contradicted, it is weighted according to such factors as the *length of the treatment relationship and the frequency of examination*, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. Trevizo, 871 F.3d at 675 (citing 20 C.F.R. § 404.1527(c)(2)) (emphasis added). Thus, it was proper for the ALJ to consider the fact that Plaintiff had a limited treatment history with Dr. Moeller-Bertram when he made his medical source statement in October 2016.

Third, Plaintiff contends it was error for the ALJ to reject her treating physician's opinion on the basis that it "is inconsistent with the record showing management of [Plaintiff's] pain medication" and "inconsistent with Plaintiff's mild findings per x-rays." [Dkt. No. 21, at pp. 5-6]. In support of these objections, Plaintiff again points to medical records that she contends are in conflict with the ALJ's findings. As previously noted, however, the ALJ did a thorough and detailed review of the medical records and found

they simply do not support the severe limitations assessed in Dr. Moeller-Beltram's medical source statement. It is the role of the ALJ, and not this Court, to interpret and resolve any ambiguities in the medical records. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

Finally, Plaintiff takes issue with the ALJ noting that she had experienced "improvement of her left shoulder with surgery." (AR 69). Plaintiff contends the issue of any improvement in her shoulder has no bearing on the relevance of Dr. Moeller-Bertram's opinion. As Defendant correctly notes, however, Dr. Moeller-Bertram did include Plaintiff's shoulder pain as part of his medical findings, including in his treatment notes. (AR 540-50). Thus, there was no error in the ALJ including this reason in his decision.

The Court concludes that the ALJ provided "specific and legitimate" reasons based on substantial evidence for his rejecting the limitations set forth in Plaintiff's treating physician's medical source statement. Although Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision. Ryan, 528 F.3d at 1198; see Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: March 13, 2020

          /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge